IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

IN RE:
Alicia S. McCrimon

**Debtor(s)**.

CASE NO. 26-55038-jwc
CHAPTER 13

Judge Jeffery W. Cavender

CONTESTED MATTER

## RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO EXTEND STAY PURSUANT TO 11 U.S.C. SECTION 362(c)

COMES NOW, Progress Residential Borrower 17, LLC (hereinafter "Respondent"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and herein files its response to the Motion of ALICIA S. MCCRIMON ("Debtor"), as filed on April 15, 2026 [Doc. 8] ("Motion") to Extend the Automatic Stay, pursuant to 11 U.S.C. § 362(c), respectfully showing this honorable Court as follows:

1.

The instant Bankruptcy proceeding was filed on April 15, 2026.

2.

On April 23, 2025, Debtor filed prior Bankruptcy Case No. 25-54432 ("Prior Bankruptcy"), Chapter 7, within the Northern District of Georgia.

3.

Said Prior Bankruptcy was dismissed on May 19, 2025, due to Debtor's failure to correct several filing deficiencies within fourteen days of order of this Court.

4.

1

On July 24, 2025, Debtor filed another Chapter 7 proceeding, Bankruptcy Case No. 25-58271, as filed within the Northern District of Georgia; said Chapter 7 proceeding resulted in a bankruptcy discharge entered July 24, 2025.

5.

On February 4, 2026, Debtor filed a Chapter 13 proceeding, Bankruptcy Case No. 26-51565, within the Northern District of Georgia; said Chapter 13 proceeding was dismissed by the court on March 4, 2026, due to Debtor's failure to pay a filing fee.

6.

The instant Bankruptcy is the fourth pending bankruptcy proceeding within the prior twelve months of its filing, with two of the prior bankruptcies having been dismissed.

7.

None of the foregoing bankruptcies were dismissed pursuant to 11 U.S.C. § 707(b).

8.

Within the instant Bankruptcy, Debtor filed a deficient Form 101A, "Initial Statement About an Eviction Judgment Against You" on April 15, 2026, wherein Debtor, among other defects, failed to pay rent to the bankruptcy clerk.  *See* Doc. 6 ("Form 101A").

9.

On January 28, 2026, Respondent filed a state law dispossessory proceeding with the Magistrate Court of Henry County, Georgia, due to Debtor's failure to pay rent; said case was assigned case number 26MV00988 ("Eviction Action").

10.

On February 6, 2026, Debtor filed an answer, asserting as the sole defense the pending bankruptcy proceeding filed on February 4, 2026.

2

11.

Upon Debtor's filing of the instant Bankruptcy on April 15, 2026, no bankruptcy automatic stay went into effect pursuant to 11 U.S.C. § 362(c)(4)(A)(i) in light of the pendency of two prior bankruptcy proceedings – namely Bankruptcy Case No. 25-54432 and No. 26-51565 – which were pending and dismissed within the previous year.

12.

Respondent asserts that the Motion filed by Debtor is in bad faith as to Respondent pursuant to 11 U.S.C. § 362(c)(4)(D)(i)(I).

13.

Pursuant to 11 U.S.C. §362(c)(4)(D)(i)(I), a bad faith presumption arises by way of Debtor filing the instant action.

14.

As additional evidence of Debtor's bad faith in filing the instant action, Form 101A was filed in this action with Debtor's knowledge that (1) no eviction judgment had been entered against Debtor as of April 15, 2026, and (2) generally, Georgia law affords Debtor no right to cure an eviction action to remain in the subject residential property.

15.

On April 17, 2026, Debtor entered into a consent agreement in the Eviction Action to voluntarily vacate the subject residential property by April 30, 2026, which Debtor has failed to do. *See* Exhibit A, attached hereto.

16.

3

Additionally, the instant bankruptcy was filed in bad faith with respect to Respondent pursuant to 11 U.S.C. § 362(c)(4)(D)(i)(I) because Respondent never intended to vacate the subject residential property.

17.

Pursuant to 11 U.S.C. §362(c)(4)(D)(i)(I), and in light of the aforementioned facts, a bad faith presumption arises in light of Debtor's actions as to Respondent.  Based on the facts set forth above, as not otherwise rebutted within Debtor's motion, Debtor has failed to rebut the bad faith presumption of his actions in filing the instant bankruptcy as to Respondent, and accordingly the automatic stay cannot extend as to Respondent.  See also *In re Pruitt*, 2016 WL6195927 at *4 (Bankr. S.D. Ga., 2016).

18.

Additionally, Georgia law affords Debtor no right to cure the Eviction Action and remain in the subject residential property, particularly in light of her agreement to voluntarily vacate the subject residential property.

19.

Respondent respectfully requests that the Automatic Stay pursuant to Rules 4001 and 9014 of the Bankruptcy Rules, 11 U.S.C. §362(c)(4)(D)(i)(I), and 11 U.S.C. § § 362 (a)(d) is not extended and/or imposed on Respondent. Respondent asserts that it will suffer harm if the aforementioned Automatic Stay is extended and/or imposed, including Respondent lacking adequate protection for the additional harm caused Respondent due to the additional delays in recovering possession of the Property.

WHEREFORE, Respondent  PROGRESS RESIDENTIAL BORROWER 17, LLC prays for the following relief:

(a)      That the Court deny Debtor's Motion to Extend Automatic Stay as to Respondent;

(b)      That an order be entered memorializing that the automatic stay pursuant to §

362(d) of the Bankruptcy Code is terminated, annulled, modified, and shall not be imposed as to

Respondent and the Property;

(c)      That this Court enter an order, pursuant to 11 U.S.C. §362(c)(4)(A)(ii), that no

automatic stay is in effect ab initio of the filing of the instant Bankruptcy proceeding;

(d)      That the Court waive and/or modify Bankruptcy Rule 4001(a)(3) so as to allow

Respondent to continue to proceed with removing Debtor from the subject residential property;

and

(d)      For such other and further relief as this Court deems just and equitable.


Respectfully submitted, this Monday, May 4, 2026.


THE TOTTEN FIRM, LLC                     /s/ Matthew F. Totten
5579 Chamblee-Dunwoody Rd, Ste B136      MATTHEW F. TOTTEN
Atlanta, GA 30338                        (Georgia Bar No. 798589)
(404) 692-4342 (Telephone)               ATTORNEY FOR *Progress Residential*
mft@tottenfirm.com                       *Borrower 17, LLC*

5

## CERTIFICATE OF SERVICE

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing ***RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO EXTEND STAY PURSUANT TO 11 U.S.C. SECTION 362(c)*** in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

> Nancy J. Whaley
> Standing Chapter 13 Trustee
> Suite 120, Truist Plaza Garden Offices
> 303 Peachtree Center Avenue
> Atlanta, GA 30303

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

> Alicia S. McCrimon
> 7759 Parkside Dr
> Lithia Springs, GA 30122
> mccrimon2709@yahoo.com

Dated:  Monday, May 4, 2026.

| | |
|---|---|
| THE TOTTEN FIRM, LLC | /s/ Matthew F. Totten |
| 5579 Chamblee-Dunwoody Rd, Ste B136 | MATTHEW F. TOTTEN |
| Atlanta, GA 30338 | (Georgia Bar No. 798589) |
| (404) 692-4342 (Telephone) | ATTORNEY FOR RESPONDENT |
| mft@tottenfirm.com | |

6